1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  VICKIE L. FEEMAN (STATE BAR NO. 177487)
   vfeeman@orrick.com
3  JESSE CHENG (STATE BAR NO. 259909)
   jcheng@orrick.com
4  JAMES FREEDMAN (STATE BAR NO. 287177)
   jfreedman@orrick.com
5
   ORRICK, HERRINGTON & SUTCLIFFE LLP
6  1000 Marsh Road
7  Menlo Park, California  94025
   Telephone:    +1-650-614-7400
8  Facsimile:    +1-650-614-7401

9  Attorneys for Defendant
   NVIDIA CORPORATION
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                SAN FRANCISCO DIVISION

14

15  FUZZYSHARP TECHNOLOGIES, INC,        Case No. 12-cv-6375-JST

16                Plaintiff,             **DEFENDANT NVIDIA
                                         CORPORATION'S MOTION TO
17         v.                            DISMISS PURSUANT TO
                                         FED. R. CIV. P. 12(b)(6)**
18  NVIDIA CORPORATION,
19                Defendant.             Date:    April 18, 2013
                                         Time:    2:00 p.m.
20                                       Dept:    Courtroom 9, 19th Floor
                                         Judge:   Jon S. Tigar
21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

1

**TABLE OF CONTENTS**

2

**Page**

3       I.      ISSUE STATEMENT ............................................................................................ 1

4       II.     INTRODUCTION ................................................................................................ 1

5       III.    BACKGROUND ................................................................................................. 3

6       IV.     ARGUMENT ...................................................................................................... 6

7               A.      Count Two Should Be Dismissed Because It Does Not Allege That
                        NVIDIA Was Involved In Any Wrongful Conduct ................................. 7

8               B.      The Complaint Fails To State A Claim For Indirect Infringement ......... 7

9               C.      The Complaint Fails To State A Claim For Willful Infringement .......... 9

                D.      Plaintiff's Claims Should Be Dismissed With Prejudice ...................... 10

10      V.      CONCLUSION ................................................................................................. 11

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4
*Akamai Techs, Inc. v. Limelight Networks, Inc.*
    692 F.3d 1301 (Fed. Cir. 2012).................................................................................. 8

5

6
*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ................................................................................................ 2, 6

7
*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ................................................................................................ 2, 6

8

9
*Bilski v. Kappos*
    130 S. Ct. 3218 (2010) ................................................................................................ 4

10

11
*CreAgri, Inc. v. Pinnaclife, Inc.*
    5:11-CV-06635-LHK, 2013 WL 11569 (N.D. Cal. Jan. 1, 2013) ........................... 7

12
*Fuzzysharp Techs. Inc. v. 3DLabs Inc.*
    447 F. Appx. 182 (Fed. Cir. 2011)............................................................................. 4

13

14
*Fuzzysharp Techs. Inc. v. 3DLabs Inc.*
    Case No. 4:07-cv-05948 (N.D. Cal. filed Nov. 26, 2007) ........................................ 3

15

16
*Global-Tech Appliances, Inc. v. SEB S.A.*
    131 S. Ct. 2060 (2011) ........................................................................................... 8, 9

17

18
*Grobler v. Sony Computer Entm't Am. LLC*
    5:12-CV-01526-LHK, 2013 WL 308937 (N.D. Cal. Jan. 25, 2013) ........................ 6, 8, 10

19
*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*
    681 F.3d 1323 (Fed. Cir. 2012)......................................................................... passim

20

21
*In re Seagate Tech., LLC*
    497 F.3d 1360 (Fed. Cir. 2007).................................................................................. 9

22
*Intri-Plex Techs., Inc. v. Crest Group, Inc.*
    499 F.3d 1048 (9th Cir. 2007)..................................................................................... 4

23

24
*Johnson v. Am. Airlines, Inc.*
    834 F.2d 721 (9th Cir. 1987)..................................................................................... 10

25

26
*Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*
    No. C 12-00068-JW, 2012 WL 2803617 (N.D. Cal. Jul. 10, 2012) ................................ 3, 6, 9

27
*Shaw v. Hahn*
    56 F.3d 1128 (9th Cir. 1995)....................................................................................... 4

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- ii -

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

*Superior Indus., LLC v. Thor Global Enterprises Ltd.*
     700 F.3d 1287 (Fed. Cir. 2012) ............................................................................... 8, 9

*Vasudevan Software, Inc. v. TIBCO Software Inc.*
     No. C 11-06638-RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) .................................... 7, 9

**FEDERAL STATUTES**

35 U.S.C. § 101 ........................................................................................................... 4

35 U.S.C. § 154 ........................................................................................................... 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) ...................................................................................................... 6

Fed. R. Civ. P. 12(b)(6) .......................................................................................... passim

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- iii -

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that defendant NVIDIA Corporation respectfully moves pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Complaint by Plaintiff FuzzySharp Technologies Incorporated.  This motion is set for hearing on April 18, 2013, at 2:00 p.m.  This motion is based upon the following Memorandum of Points and Authorities, the Declaration of James Freedman in Support of NVIDIA's Motion to Dismiss ("Freedman Decl.") and exhibits thereto, and such other documentary evidence and oral argument as may be presented at the time of the hearing and allowed by the Court.

NVIDIA requests that pursuant to Fed. R. Civ. P. 12(b)(6), the Court dismiss Plaintiff's claims for at least indirect and willful infringement of both asserted patents, and direct infringement of U.S. Patent No. 6,618,047.  Further, because Plaintiff's pleading deficiencies with regard to its claims for indirect and willful infringement cannot be cured under the facts of this case, NVIDIA respectfully requests such dismissal be with prejudice and without leave to amend.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      Issue Statement Pursuant to L.R. 7-4(a)(3)**

1.  Should Plaintiff be allowed to proceed on (1) indirect and willful infringement claims that are pled without any factual support and (2) a direct infringement claim that names a non-party as the defendant?

2.  Should Plaintiff's indirect and willful infringement claims be dismissed with prejudice because Plaintiff will be unable to plead sufficient additional facts to state plausible claims?

**II.      Introduction**

Plaintiff's complaint, including at least the claims for indirect and willful infringement, must be dismissed.  Plaintiff has generally alleged infringement of two expired patents.  However, the 18-paragraph complaint contains little more than the bare assertion that NVIDIA is somehow engaged in "wilful [sic] direct and/or indirectly [sic] infringement . . . at least by selling, and offering to sell Graphic Processors [sic] Units capable of performing occlusion

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

culling during the computer graphics rendering process." *See* Docket No. 1. (Compl.), ¶¶ 13, 16. The complaint provides no additional facts to support its vague claim for "direct and/or indirect" infringement.

Plaintiff's failure to investigate and articulate a factual basis for its broad and unsupported claims, its failure to even proof-read its complaint, and its two month delay in serving the complaint all suggest that this is not a case brought to redress a good-faith claim of harm.  On the contrary, this case, along with other carbon-copy complaints recently filed by Plaintiff against other defendants, represents a final attempt by a non-practicing entity to exploit two patents that expired last year.  The result is a complaint fraught with errors that leaves NVIDIA without fair notice of the grounds for Plaintiff's claims.

As the Supreme Court ruled in *Twombly* and *Iqbal*, a plaintiff is not entitled to pursue insufficiently pled claims and "unlock the doors of discovery" under such circumstances. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, a complaint must contain sufficient factual matter to allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct; the mere possibility of liability is not enough.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

These standards apply to claims of indirect and willful infringement.  It is not enough for Plaintiff to simply allege that NVIDIA has engaged in indirect or willful infringement.  To allege indirect infringement Plaintiff must plead facts that allow an inference that at least one direct infringer exists.  *See, e.g.*, *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012).  Moreover, if the claim is for contributory infringement, Plaintiff must plead facts that allow an inference that the accused products are specially adapted for use in infringing its patents and have no substantial non-infringing uses.  *Id.*  If the claim is for induced infringement, Plaintiff must plead facts that allow an inference that NVIDIA specifically intended its customers to infringe the asserted patent and knew that its customers' acts constituted infringement.  *Id.*  Finally, to allege willful infringement Plaintiff must plead facts that support an inference that NVIDIA acted despite an objectively high likelihood that its actions constituted

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

1  infringement of a valid patent.  *See, e.g.*, *Robert Bosch Healthcare Sys., Inc. v. Express MD*

2  *Solutions, LLC,* No. C 12-00068-JW, 2012 WL 2803617, at *3-*4 (N.D. Cal. Jul. 10, 2012).

3         Plaintiff has failed to plead any of the facts necessary to support its claims and its

4  complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Because Plaintiff will be

5  unable to cure its pleading deficiencies under the facts of this case, dismissal of the indirect and

6  willful infringement claims should be with prejudice and without leave to amend.

7  **III.    Background**

8         This is not the first time Plaintiff has filed suit alleging infringement of U.S. Patent Nos.

9  6,172,679 ("the '679 patent") and 6,618,047 ("the '047 patent").[1]  In addition to the present case,

10  Plaintiff has filed eleven cases alleging infringement of these patents, none of which has been

11  litigated through trial.[2]  As indicated in the complaint, this includes a prior suit filed against

12  NVIDIA alleging infringement of the '679 and '047 patents.  *See Fuzzysharp Techs. Inc. v.*

13  *NVIDIA et al.*, Case. No. 5:10-cv-01844 (N.D. Cal. filed Nov. 16, 2009) ("*NVIDIA I*").

14  Notably, Plaintiff voluntarily dismissed that suit following a ruling in another case – *Fuzzysharp*

15  *Techs. Inc. v. 3DLabs, Inc.*, Case No. 4:07-cv-05948-SBA ("*3DLabs*") – that invalidated all

16  asserted claims of both patents.

17         In the *3DLabs* ruling, dated December 11, 2009, Judge Armstrong granted 3DLabs'

18  motion for summary judgment and found all asserted claims of both patents to be invalid for

19  
_____

20  [1] The '679 and '047 patents are attached as Freedman Decl., Exs. A and B, respectively.

21  [2] These other cases are:  *Fuzzysharp Techs. Inc. v. Hewlett-Packard Co.*, Case No. 3:01-cv-04915
(N.D. Cal. filed Dec. 14, 2001); *Fuzzysharp Techs. Inc. v. Silicon Graphics, Inc.*, Case No.

22  4:03-cv-04404 (N.D. Cal. filed Sep. 30, 2003); *Fuzzysharp Techs. Inc. v. I-O Data Device USA,
Inc.*, Case No. 3:04-cv-02640 (N.D. Cal. filed Jun. 30, 2004); *Fuzzysharp Techs. Inc. v.*

23  *ATI Techs., Inc.*, Case No. 4:05-cv-01318 (N.D. Cal. filed Mar. 31, 2005); *Fuzzysharp Techs. Inc.
v. S3 Graphics Co.,* Case No. 4:07-cv-02262 (N.D. Cal. filed Apr. 25, 2007); *Fuzzysharp Techs.*

24  *Inc. v. 3DLabs Inc.*, Case No. 4:07-cv-05948 (N.D. Cal. filed Nov. 26, 2007); *Fuzzysharp Techs.
Inc. v. Sun Microsystems, Inc.*, Case No. 4:08-cv-04284 (N.D. Cal. filed Sep. 11, 2008);

25  *Fuzzysharp Techs. Inc. v. NVIDIA et al.*, Case No. 5:10-cv-01844 (N.D. Cal. filed Nov. 16,
2009); *Fuzzysharp Techs. Inc. v. Intel Corp.*, Case No. 4:12-cv-02360 (N.D. Cal. filed May 10,

26  2012); *Fuzzysharp Techs. Inc. v. Intel Corp.*, Case No. 4:12-cv-04413 (N.D. Cal. filed Aug. 22,
2012); and *Fuzzysharp Techs. Inc. v. Sony Computer Entertainment America Inc.*, Case No.

27  4:13-cv-00447 (N.D. Cal. filed Jan. 31, 2013).  *Fuzzysharp Techs. Inc. v. Hewlett-Packard Co.*

28  involved only the '679 patent, as the case was dismissed before the '047 patent issued.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

failing to meet the statutory requirements for patentable subject matter as set forth in 35 U.S.C. § 101.  Freedman Decl., Ex. C (*3DLabs* Docket No. 90 (Order Granting Motion for Summary Judgment)).[3]  After successfully moving to transfer its case from Delaware to the Northern District of California, NVIDIA immediately filed a motion to dismiss the case on grounds of collateral estoppel in light of Judge Armstrong's ruling of invalidity.  Plaintiff never filed an opposition brief, and instead voluntarily dismissed its claims immediately following a hearing before Judge Ware.  Freedman Decl., Ex. D (*NVIDIA I*, Docket No. 83 (Nov. 1, 2010 Notice of Voluntary Dismissal)); Ex. E (*NVIDIA I*, Docket No. 86 (Nov. 4, 2010 Order)).

Plaintiff appealed Judge Armstrong's Order of Invalidity in the *3DLabs* case. On November 4, 2011, the Federal Circuit issued an order vacating Judge Armstrong's Order and remanding for further proceedings in light of the Supreme Court's intervening decision in *Bilski v. Kappos*, 130 S. Ct. 3218 (2010).  *See Fuzzysharp Techs. Inc. v. 3DLabs Inc.*, 447 F. Appx. 182, 186 (Fed. Cir. 2011).  Specifically, the Federal Circuit stated that:

> Based on our en banc decision in *Bilski,* the district court understandably concluded that the failure of the asserted claims to satisfy the machine-or-transformation test resolved the issue of unpatentability.  Because the Supreme Court in *Bilski* held that failing to satisfy the machine-or-transformation test does not necessarily render claims unpatentable, the basis for the district court's decision is no longer sound.  Moreover, we conclude that under the Supreme Court's decision in *Bilski* and our own more recent precedents, the patent eligibility of at least one of the asserted claims turns on questions of claim construction that the district court did not have the opportunity to address.  Because the parties have not briefed those claim construction issues, we leave the task of construing the claim limitations in question to the district court.

---

[3] To the extent it is necessary, NVIDIA respectfully requests that the Court take judicial notice of Plaintiff's prior litigation, including the proceedings of *NVIDIA I* and *3DLabs.  See Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (internal quotations omitted) (noting that "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute") (citation omitted);  *Shaw v. Hahn*, 56 F.3d 1128, 1129 at n.1 (9th Cir. 1995) ("In deciding whether to dismiss a claim under Fed. R. Civ. P. 12(b)(6), a court may look beyond the plaintiff's complaint to matters of public record.") (citation omitted).

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

1    *Id.* (citation omitted).  On May 8, 2012, before any further substantive proceedings took place,

2    Plaintiff agreed to settle its case with 3DLabs.  Freedman Decl., Ex. F (*3DLabs* Docket No. 118

3    (Stipulated Conditional Dismissal)).  Accordingly, the issue of the patents' validity was never

4    resolved.  And no later than June 19, 2012, both patents expired.  *See* '679 and '047 patents;

5    35 U.S.C. § 154.  Faced with the expiration of its patents, Plaintiff filed successive lawsuits

6    against Intel (twice), NVIDIA, and Sony.

7        Plaintiff's second complaint against NVIDIA alleging infringement of the '679 and '047

8    patents was filed on December 17, 2012, but not served until February 14, 2013.  This complaint,

9    which totals eighteen paragraphs, contains the following allegations of infringement:

10        • **Count One:** "Defendant Nvidia is engaged in wilful [*sic*] direct, and/or indirectly

11          [*sic*] infringement of at least one claim of the '679 Patent pursuant to 35 U.S.C.

12          § 271(a) at least by selling, and offering to sell Graphic Processors [*sic*] Units

13          capable of performing occlusion culling during the computer graphics rendering

14          process."  Docket No. 1 (Compl.) at ¶ 13.

15        • **Count Two:** "Defendant Intel is engaged in direct, and/or indirect infringement of

16          at least claim 1 of the '0479 Patent pursuant to 35 U.S.C. § 271(a) at least by

17          selling, and offering to sell Graphic Processor Units capable of performing

18          occlusion culling during the computer graphics rendering process."  *Id*. at ¶ 16.

19        • "Plaintiff previously sued Nvidia on November 16, 2009, thereby providing good

20          notice of patent infringement to Nvidia and Nvidia has willfully continued its

21          patent infringement."  *Id*. at ¶¶ 14, 17.

22        On January 31, 2013, Plaintiff filed its complaint against Sony.  That complaint is nearly

23    identical to the complaint filed against NVIDIA, and even includes the same reference to

24    "Defendant Intel" and other typographical errors carried over from Plaintiff's previously-filed

25    complaint against Intel.  *Compare*, *e.g.*, Docket No. 1 (Compl.) *with* Freedman Decl., Ex. G

26    (Compl. filed in *Fuzzysharp Techs. Inc. v. Sony Computer Entertainment America Inc.*,

27    Case No. 4:13-cv-00447 (N.D. Cal. filed Jan. 31, 2013)) *and* Freedman Decl., Ex. H

28    (Compl. filed in *Fuzzysharp Techs. Inc. v. Intel Corp.*, Case No. 4:12-cv-04413 (N.D. Cal.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

filed Aug. 22, 2012) (also alleging infringement of an '0479 patent).  Plaintiff's repeated filing of inaccurate, sloppy pleadings shows a lack of respect for this Court and indifference to the sanctity of the legal system.

## IV.   **Argument**

Claims must be pled along with facts sufficient to show that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  The complaint-at-issue fails in this regard with respect to at least the claims for indirect and willful infringement.  These claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Claim 2 must also be dismissed in its entirety for failing to claim that NVIDIA was involved in the alleged wrongful conduct.

In order to survive a motion to dismiss, a complaint must plead facts sufficient to make an allegation plausible on its face; the allegation cannot be merely conceivable or possible.  *Id.*  The plaintiff must present facts that permit a court to make a reasonable inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Threadbare recitals supported by mere conclusory statements do not suffice, nor do "naked assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678 (internal quotations omitted); *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions") (internal quotations omitted).

The pleading requirements articulated by the Supreme Court in *Twombly* and *Iqbal* apply to allegations of indirect infringement.  *See, e.g.*, *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012) (setting forth a pleading standard for indirect infringement); *Grobler v. Sony Computer Entm't Am. LLC*, 5:12-CV-01526-LHK, 2013 WL 308937, at *2 (N.D. Cal. Jan. 25, 2013) ("A claim for indirect patent infringement must satisfy the specific requirements articulated in *Twombly* and *Iqbal*.") (citing *Bill of Lading*, 681 F.3d at 1334).  These requirements also apply to allegations of willfulness.  *Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC,* No. C 12-00068-JW, 2012 WL 2803617,

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

at *3-*4 (N.D. Cal. Jul. 10, 2012) (dismissing inadequately pled willful infringement claims); *Vasudevan Software, Inc. v. TIBCO Software Inc.,* No. C 11-06638-RS, 2012 WL 1831543, at *4, *7 (N.D. Cal. May 18, 2012) (dismissing inadequately pled willful and indirect infringement claims). As discussed below, neither Plaintiff's indirect infringement allegations nor its willfulness allegations satisfy these standards. Allowing Plaintiff to pursue such inadequately pled claims and "open the doors to discovery" without giving fair notice to NVIDIA would be unduly prejudicial. They must be rejected.

### A.    Count Two Should Be Dismissed Because It Does Not Allege That NVIDIA Was Involved In Any Wrongful Conduct

Count Two alleges infringement of an '0479 patent by "Defendant Intel." Docket No. 1 (Compl.) at ¶ 16. While these are presumably typographical errors, Count Two as written fails to state a claim upon which relief can be granted because Intel is not a party to this action and there is no '0479 patent. Count Two should be dismissed in its entirety.

### B.    The Complaint Fails To State A Claim For Indirect Infringement

Plaintiff's claims for indirect infringement – either contributorily or by inducement – should be dismissed. There can be no indirect infringement without an underlying act of direct infringement by a third party. *See Bill of Lading*, 681 F.3d at 1333. Thus, while "a plaintiff need not identify a *specific* direct infringer" to adequately state a claim for indirect infringement, he must at a minimum plead "facts sufficient to allow an inference that at least one direct infringer exists." *Id.* at 1336. (citations omitted) (emphasis in original); *see also CreAgri, Inc. v. Pinnaclife, Inc.*, 5:11-CV-06635-LHK, 2013 WL 11569, at *3 (N.D. Cal. Jan. 1, 2013) (holding that "in the context of a claim for indirect infringement, a plaintiff would, at a minimum, have to identify who allegedly directly infringed and how, or would have to allege that use of some particular product necessarily infringed" and dismissing a claim for indirect infringement that failed to plead such facts).

But the facts alleged by Plaintiff do not lead to an inference that at least one third party directly infringes the asserted patents. Plaintiff simply accuses NVIDIA of selling "Graphic Processors [sic] Units ***capable*** of performing occlusion culling during the computer graphics

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

1  rendering process."  Docket. No. 1 (Compl.) at ¶¶ 13, 16 (emphasis added).  Plaintiff did not

2  suggest that NVIDIA's product "necessarily" performs the accused process.  The mere fact that

3  NVIDIA is said to sell some products "capable of performing occlusion culling during the

4  computer graphics rendering process" does not support a reasonable inference that anyone has

5  actually used the products to infringe the patents at issue.

6          Moreover, to be liable for inducement, one must knowingly induce infringement and

7  possess specific intent to encourage another's infringement.  *Bill of Lading*, 681 F.3d at 1339

8  (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)); *see also*

9  *Akamai Techs, Inc. v. Limelight Networks, Inc*., 692 F.3d 1301, 1308 (Fed. Cir. 2012)

10  (citations omitted) ("Unlike direct infringement, induced infringement is not a strict liability tort;

11  it requires that the accused inducer act with knowledge that the induced acts constitute patent

12  infringement.").  Thus, to survive a motion to dismiss, a complaint must include facts that

13  plausibly show that a defendant specifically intended its customers to infringe a patent and knew

14  that its customers' acts constituted infringement.  *Bill of Lading*, 681 F.3d at 1339;

15  *Superior Indus., LLC v. Thor Global Enterprises Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012);

16  *see also Grobler*, 2013 WL 308937, at *2-*3.  Plaintiff's bare allegations do not support a

17  reasonable inference that NVIDIA had specific intent to induce infringement, or that it knew that

18  its customers actually infringed.  In fact, in light of a litigation history wherein the asserted

19  patents were invalidated less than one month after NVIDIA was first sued, Plaintiff's allegations

20  support the opposite conclusion.  NVIDIA could not induce infringement of patents it reasonably

21  believed were invalid.

22          Plaintiff's claims for contributory infringement fail for similar reasons.  To be liable for

23  contributory infringement, one must sell or offer to sell a product for use in practicing a patented

24  process.  *Bill of Lading*, 681 F.3d at 1337 (citations omitted).  The accused product must be

25  material to practicing the patented invention, have no substantial non-infringing uses, and be

26  known by the party to be especially made or adapted for an infringing use.  *Id.*  Thus, to state a

27  claim for contributory infringement, a plaintiff must plead facts that allow an inference that the

28  products sold or offered for sale have no substantial non-infringing uses and are especially made

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

1   for use in an infringement of such patent.  *Superior Indus.*, 700 F.3d at 1296 (citations omitted)

2   (internal quotations omitted); *Bill of Lading*, 681 F.3d at 1337.  As with inducement, contributory

3   infringement requires actual knowledge of infringement.  *See Global-Tech Appliances*, 131 S. Ct.

4   at 2067-68 (holding that contributory and induced infringement require knowledge of the patent

5   and knowledge of infringement).  Here, Plaintiff has pled no facts indicating that third parties are

6   using NVIDIA's products in a way that infringes the patents at issue or that NVIDIA had actual

7   knowledge of third party infringement.  Nor has Plaintiff pled facts supporting an inference that

8   there is no substantial non-infringing use for the accused products.  Plaintiff would be hard-

9   pressed to allege that NVIDIA's graphics processing units can only be used to infringe its patents.

10  For at least these reasons, Plaintiff's claim for indirect infringement should be dismissed.

11          **C.      The Complaint Fails To State A Claim For Willful Infringement**

12          Fuzzysharp has also failed to sufficiently plead willful infringement.  Willful infringement

13  requires the plaintiff show that the infringer not only knew of the asserted patent, but acted

14  despite an objectively high likelihood that its actions constituted infringement of a valid patent.

15  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  Mere negligence is insufficient.

16  *Id*. (holding that the plaintiff must establish "at least a showing of objective recklessness" in order

17  to prove willful infringement).  Under the guidelines for this Court, "a mere allegation of actual

18  knowledge, without more, is not enough to state a claim for willful infringement."  *Robert Bosch*

19  *Healthcare Sys., Inc. v. Express MD Solutions, LLC,* No. C 12-00068-JW, 2012 WL 2803617,

20  at *3-*4 (N.D. Cal. Jul. 10, 2012) (internal quotations omitted) (citing *Vasudevan Software, Inc.*

21  *v. TIBCO Software Inc.,* No. C 11-06638-RS, 2012 WL 1831543, at *4, *7 (N.D. Cal. May 18,

22  2012)) (dismissing inadequately pled willful infringement claims).

23          Here, Plaintiff simply refers to its November 16, 2009 suit as "providing good notice of

24  patent infringement" to NVIDIA, and then concludes that NVIDIA has "willfully continued its

25  patent infringement."  Although NVIDIA does not dispute that it was previously sued for

26  infringement of the '679 and '047 patents, this fact alone does not plausibly suggest that NVIDIA

27  acted despite an objectively high likelihood of infringement of a valid patent.  Both asserted

28  patents were invalidated less than one month after Plaintiff's initial suit against NVIDIA, and

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 9 -

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

1    Plaintiff voluntarily dismissed its initial case against NVIDIA.  Plaintiff did not re-file suit until

2    more than a year after the Federal Circuit overturned Judge Armstrong's finding of invalidity

3    (which the Court said was decided under the right standard at the time) and remanded for further

4    consideration.  By the time Plaintiff filed this suit, both patents were expired, at which point they

5    could not be infringed, let alone willfully infringed.  Even prior to expiration of the patents,

6    NVIDIA had no reason to believe that the patents were valid and infringed because Plaintiff did

7    not reinitiate its dismissed lawsuit against NVIDIA and settled its lawsuit with 3DLabs before the

8    issue of invalidity could be resolved.  With these facts in mind, Plaintiff's claim for willful

9    infringement must fail.

10            **D.      Plaintiff's Claims Should Be Dismissed With Prejudice**

11           The deficiencies raised by NVIDIA's motion to dismiss are not merely deficiencies in

12   pleading, but rather demonstrate that Plaintiff will be unable to plausibly allege indirect or willful

13   infringement.  Given the initial finding of invalidity of the '679 and '047 patents, combined with

14   Plaintiff's delay in re-filing its infringement action until after those patents had expired, there are

15   no additional facts that would support a reasonable inference that NVIDIA acted despite an

16   objectively high likelihood that its actions constituted infringement of a valid patent, as required

17   for a claim of willful infringement.  For the same reasons, no additional facts would support a

18   reasonable inference that NVIDIA had knowledge of actual infringement, as required for claims

19   of inducement and contributory infringement.  And no additional facts would support a

20   reasonable inference that NVIDIA's GPUs have no substantial non-infringing uses, as further

21   required for a claim of contributory infringement.

22           Because Plaintiff cannot plead plausible claims for indirect or willful infringement, the

23   Court has discretion to deny leave to amend.  *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724

24   (9th Cir. 1987) (a court may deny leave to amend for "futility," including "the inevitability of a

25   claim's defeat on summary judgment") (citations omitted) (internal quotations omitted);

26   *see also Grobler*, 2013 WL 308937, at *2 (identifying reasons for denying leave to amend,

27   including a pleading that "could not possibly be cured by the allegation of other facts")

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

1  (citations omitted).  Accordingly, these claims should be dismissed with prejudice, and without

2  leave to amend.

3  **V.      Conclusion**

4          Plaintiff has alleged indirect and willful infringement in a manner that fails to remotely

5  approach the pleading standard required for such claims.  Rather, Plaintiff's complaint contains

6  nothing more than bare recitals and conclusory statements of the type repeatedly rejected by this

7  Court, the Federal Circuit, and the Supreme Court.  NVIDIA respectfully requests that the Court

8  dismiss Plaintiff's claims of indirect and willful infringement with prejudice pursuant to

9  Federal Rule of Civil Procedure 12(b)(6) because Plaintiff will not be able to plead facts to

10 support such claims.  NVIDIA also respectfully requests that the Court dismiss Count Two in its

11 entirety because it is directed towards a non-party to this action.

12

13 Dated: March 7, 2013                    Orrick, Herrington & Sutcliffe LLP

14

15

16                                        By: _____ */s/ I. Neel Chatterjee*_____
                                               I. NEEL CHATTERJEE
17                                             Attorneys for Defendant
                                               NVIDIA CORPORATION
18

19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 11 -

DEFENDANT NVIDIA CORPORATION'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST