1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  VICKIE L. FEEMAN (STATE BAR NO. 177487)
   vfeeman@orrick.com
3  JESSE CHENG (STATE BAR NO. 259909)
   jcheng@orrick.com
4  JAMES FREEDMAN (STATE BAR NO. 287177)
   jfreedman@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
6  Menlo Park, California 94025
   Telephone:   +1-650-614-7400
7  Facsimile:   +1-650-614-7401

8  Attorneys for Defendant
   NVIDIA CORPORATION
9

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

14 | FUZZYSHARP TECHNOLOGIES, INC, | Case No. 12-cv-6375-JST

15 |         Plaintiff,            | **DEFENDANT NVIDIA CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

16 |     v.                        |

17 | NVIDIA CORPORATION,           | Date:   April 18, 2013
                                     Time:   2:00 p.m.
18 |         Defendant.              Dept:   Courtroom 9, 19th Floor
                                     Judge:  Jon S. Tigar
19

## I. INTRODUCTION

Fuzzysharp Technologies, Inc.'s poorly pled complaint should be dismissed. The Supreme Court, Federal Circuit, and this Court have provided clear guidance on the requirements for pleading direct, indirect, and willful patent infringement. Fuzzysharp has ignored these basic requirements, instead filing a complaint that contains only naked assertions against different companies without further factual support. These types of complaints have been rejected time and time again.

Fuzzysharp's Opposition contains little more than self-serving and irrelevant statements. It completely fails to address the legal arguments raised by NVIDIA's motion regarding the flaws in Fuzzysharp's complaint. As set forth in NVIDIA's Motion to Dismiss, Fuzzysharp has not stated a plausible claim for direct infringement of the '047 patent because the entirety of Count Two is pled against Intel, not NVIDIA. It would be a simple matter to correct this error, yet Fuzzysharp has steadfastly refused to do so. Fuzzysharp also has not stated plausible claims for willful and indirect infringement because it has not included any facts to support these allegations. Each of these claims must be dismissed. Moreover, because Fuzzysharp will not be able to plead facts sufficient to support allegations of willful and indirect infringement even if granted leave to amend, those claims should be dismissed with prejudice.

## II. ARGUMENT

### A. Count Two Should Be Dismissed In Its Entirety.

Fuzzysharp seems confused as to why Count Two of its complaint fails to state a claim – even for direct infringement – against NVIDIA. Docket No. 21 (Opp.) at 2. To avoid all doubt, Count Two of the complaint fails to state a claim against *NVIDIA* because it alleges infringement by "*Defendant Intel*," a non-party to this action. Docket No. 1 at ¶ 16 (emphasis added). This is confirmed by even a cursory review of the complaint.

Fuzzysharp's arguments regarding direct infringement entirely miss the point. It argues that Form 18 of the Federal Rules of Civil Procedure sets forth the minimal requirements for pleading direct infringement. According to Fuzzysharp, it has met this standard because "as the Complaint states, Nvidia is 'selling, and offering to sell Graphics Processors [sic] Units capable

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

REPLY IN SUPPORT OF MOTION TO DISMISS
12-cv-6375-JST

of performing occlusion culling during [sic] computer graphics rendering process.'" Docket No. 21 (Opp.) at 4.

This is simply not true. Count Two alleges that "***Defendant Intel*** is engaged in direct, and/or indirect infringement of at least claim 1 of the '0479 Patent . . . by selling, and offering to sell Graphics Processors Units . . . ." Docket No. 1 at ¶ 16 (emphasis added). By accusing Intel and not NVIDIA, Fuzzysharp has failed the standard it advocates; it has not included "a statement that ***defendant*** has been infringing the patent." Docket No. 21 (Opp.) at 4 (emphasis added).[1]

### B. All Willful Infringement Claims Should Be Dismissed With Prejudice.

Fuzzysharp does not argue that it articulated sufficient facts in its complaint to state a claim for willful infringement. *See* Docket No. 21 (Opp.) at 5. Thus, at the very least, those claims must be dismissed without prejudice. Instead, Fuzzysharp's opposition only disputes whether the willfulness claims should be dismissed *with prejudice* because Fuzzysharp will not be able to allege facts sufficient to plead willful infringement in light of the prior litigation history of the asserted patents. *See* Docket No. 18 (Motion) at 9-10; Docket No. 21 (Opp.) at 5.

Without citing any legal authority, Fuzzysharp attacks NVIDIA's arguments regarding dismissal with prejudice of the willful infringement claims on two grounds: (1) that NVIDIA did not state that it was relying on a legal opinion and (2) that patents are presumed valid and NVIDIA had notice of the patent from prior litigation.[2] Docket No. 21 (Opp.) at 5. Both points are unpersuasive.

Fuzzysharp's arguments ignore the fact that this Court invalidated all asserted claims of both asserted patents less than one month after Fuzzysharp sued NVIDIA in Delaware for infringement of those patents. *See Fuzzysharp Techs., Inc. v. 3D Labs, Inc.* No. C 09-5948 SBA, 2009 WL 4899215 (N.D. Cal. Dec. 11, 2009), *vacated*, 447 Fed. Appx. 182 (Fed. Cir. 2011), a copy of which was attached as Exhibit C to Docket No. 19 (Freedman Decl.). NVIDIA has consistently relied on this Court's Order as a complete defense to Fuzzysharp's claims.

---

[1] Count Two alleges infringement of an '0479 patent, while Fuzzysharp only alleges ownership of the '047 and '679 patents. Count Two also fails for this reason.

[2] Fuzzysharp appears to suggest that an opinion of this Court does not constitute a legal opinion. NVIDIA rejects this assertion.

First NVIDIA moved to dismiss Fuzzysharp's case under Rule 12(b)(6) based on the collateral estoppel effect of Judge Armstrong's invalidity order.[3] *NVIDIA I*, Docket No. 18. Following transfer of that action to the Northern District of California, NVIDIA immediately filed another motion to dismiss on the same grounds. *NVIDIA I*, Docket No. 40. After it was faced with the possibility of sanctions for failing to properly oppose NVIDIA's second motion, Fuzzysharp voluntarily dismissed its case against NVIDIA.

Fuzzysharp disingenuously suggests that it did not oppose NVIDIA's motion in the prior litigation because it "respected the Court and did not want to waste judicial time and effort. If FST had opposed the Nvidia's [sic] Motion, then Nvidia would have filed a Reply Brief followed by oral arguments." Docket No. 21 (Opp.) at 3. This is belied by the facts that Fuzzysharp forced NVIDIA to file its collateral estoppel motions ***twice*** and that it improperly opposed the second motion by showing up at the Court hearing without filing an opposition brief. Supplemental Declaration of James Freedman in Support of NVIDIA Corporation's Motion to Dismiss ("Freedman Supp. Decl."), Ex. I (Transcript of Nov. 1, 2010 Proceedings Before Judge Ware in *NVIDIA I*) at 2-3. The Court expressed concern for Fuzzysharp's improper conduct and raised the possibility of issuing Rule 11 sanctions. *Id.* at 11. Only then did Fuzzysharp voluntarily dismiss its case. *Id.* at 11-12.

Although the Federal Circuit ultimately vacated Judge Armstrong's Order based on the Supreme Court's intervening ruling in *Bilski* that the machine-or-transformation test was "useful and important" but not exhaustive in determining validity under 35 U.S.C. § 101, that Order still served as an objectively reasonable basis for believing the patents are invalid. *Fuzzysharp Techs*., 447 F. Appx 182, 186 (Fed. Cir. 2011); *Bilski v. Kappos*, 130 S. Ct. 3218, 3221 (2010). The Federal Circuit never *reversed* Judge Armstrong nor criticized her analysis. *Id.* Rather, it stated that the District Court "properly held that all of the asserted claims fail the machine-or-transformation test" and "understandably concluded that the failure of the asserted claims to satisfy the machine-or-transformation test resolved the issue of unpatentability."

---

[3] At the same time, NVIDIA moved to transfer the case from Delaware to the Northern District of California. *See Fuzzysharp v. NVIDIA et al.*, Case No. 10-cv-01844 (N.D. Cal. Filed Nov. 16, 2009) ("*NVIDIA I*"), Docket No. 18.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

REPLY IN SUPPORT OF MOTION TO DISMISS
12-CV-6375-JST

*Id.* at 184, 186. Combined with the Supreme Court's statement that the machine-or-transformation test was still "useful and important" in determining whether a patent was valid under Section 101, it was not objectively unreasonable for NVIDIA to believe that the patents would be found invalid with further litigation. *See also*, *Bilski*, 130 S.Ct. at 3232 (Stevens, J. concurring) ("The entire Court agrees that although the machine-or-transformation test is *reliable in most cases*, it is not the *exclusive* test.") (first emphasis added).

Importantly, one week after NVIDIA filed the present Motion, Intel filed a 12(c) motion asking the Court to declare the asserted patents invalid under Section 101 and dismiss Fuzzysharp's claims with prejudice. *See* Freedman Supp. Decl., Ex. J (*Fuzzysharp Techs., Inc. v. Intel Corp.*, Case No. 12-cv-4413 YGR (N.D. Cal. Mar. 15, 2013), Docket No. 28 ("Intel Motion")). Intel bases its motion predominately on Judge Armstrong's initial finding of invalidity and argues further that the Supreme Court's recent jurisprudence does not change that result. *See id.* at 2 ("The prior ineligibility finding by this Court, endorsed by the Federal Circuit, means that most of the Court's work is already done.").

Whether NVIDIA was relying on the opinion of counsel is irrelevant to whether Fuzzysharp's complaint is adequately pled. In fact, reliance on opinion of counsel is not required to overcome an allegation of willfulness. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("Because we abandon the affirmative duty of due care, we also reemphasize that there is no affirmative obligation to obtain opinion of counsel."). Based on Fuzzysharp's prior litigation history alone, NVIDIA had an objectively reasonable basis to believe the patents were invalid from the time it was first sued until the time the patents expired. Fuzzysharp cannot reasonably plead facts that support the objective recklessness required to show willful infringement. Thus, Fuzzysharp's claims of willful infringement should be dismissed with prejudice.

### C. All Indirect Infringement Claims Should Be Dismissed.

Once again, Fuzzysharp does not argue that the facts as pled meet the pleading standard for indirect infringement. *See* Docket No. 21 (Opp.) at 6. Accordingly, Fuzzysharp's indirect infringement claims must at least be dismissed without prejudice.

Fuzzysharp's arguments, to the extent they are comprehensible, appear to be directed solely at the issue of dismissal *with prejudice.* As set forth above and in NVIDIA's opening brief, Fuzzysharp cannot allege facts supporting a reasonable inference that NVIDIA acted with knowledge that it was inducing or contributing to infringement of a valid patent because from the time it was given notice, NVIDIA had a reasonable basis to believe the patents were invalid. Fuzzysharp's claims for indirect infringement further must be dismissed with prejudice for these reasons alone. *See* Docket No. 18 (Motion) at 7-9.

Fuzzysharp also has not pled facts sufficient to allow an inference that at least one direct infringer exists, as required for claims of indirect infringement. Nor has Fuzzysharp alleged that the accused products have no substantial non-infringing uses, as required for claims of contributory infringement. Rather, it has simply accused NVIDIA (or Intel) of "selling or offering to sell Graphic Processors [sic] Units capable of performing occlusion culling during the computer graphics rendering process." Docket No. 1 (Compl.) at ¶¶ 13, 16. Fuzzysharp's indirect infringement claims should be dismissed for these additional reasons as well.

### D. Plaintiff And Its Counsel Must Not Be Allowed To Pursue Unsupportable Claims In Light Of Their Prior Litigation Conduct

The Supreme Court has stated that a poorly pled complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). This is especially important in this case. As set forth in NVIDIA's motion, Fuzzysharp has a history of filing suit and quickly reaching settlement. Docket No. 18 (Motion) at 3; *see also*, Freedman Supp. Decl., Ex. J (Intel Motion) at 8-9. Fuzzysharp's goal is to leverage the high cost of litigation into a favorable and undeserved settlement, all while performing as little work as possible. *See also*, Freedman Supp. Decl., Ex. J (Intel Motion) at 8-9.

Fuzzysharp's counsel, Mr. Fink, also has a history of frivolous and baseless litigation. For example, in *Automated Business Companies, Inc. v. NEC America, Inc.*, plaintiff admitted without adequate explanation that it filed suit before making a reasonable effort to ascertain whether the accused device infringed plaintiff's patent. Freedman Supp. Decl., Ex. K (*Automated Business Companies, Inc. v. NEC America, Inc., et al.*, No. 4:98-cv-00619-A (N.D. Tex.),

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

REPLY IN SUPPORT OF MOTION TO DISMISS
12-CV-6375-JST

Docket No. 26 (Feb. 8, 1999 Order) at 8, *aff'd* 202 F.3d 1353 (Fed. Cir. 2000)). The court found that the "litigation was baseless" and awarded attorneys' fees under 35 U.S.C. § 285. *Id.* at 10. Although the court declined to issue further sanctions under Rule 11 and 28 U.S.C. § 1927, the court did find "the conduct of Fink and Bodley to be highly questionable" and "unreasonable." *Id.* at 9-10.

In another case filed by Mr. Fink, *Lyda v. Fremantlemedia N.A., Inc.*, the court once again found the case to be exceptional and granted attorneys' fees under 35 U.S.C. § 285. Freedman Supp. Decl., Ex. L (*Lyda v Fremantlemedia N.A. Inc.*, No. 10-cv-4773-DAB (S.D.N.Y.), Docket No. 36 (Aug. 9, 2012 Order)) at 5; *see also*, *id.*, Ex. M (*Lyda* Docket Sheet) (identifying Mr. Fink as counsel for Plaintiff). There, the court observed that:

> Plaintiff therefore acknowledges that there was no good faith basis to assert this claim against Defendant and that the lawsuit was filed with the knowledge that Plaintiff could not allege a required part of the patent claims. Thus, the litigation was objectively baseless. Plaintiff further concedes that his entire claim was based on what it was "reasonable to assume" Defendant's behavior would be, thus demonstrating that this entire action was based on nothing more than speculation.

Freedman Supp. Decl., Ex. L at 4-5; *see also* Freedman Supp. Decl., Ex. N (*Orenshteyn v. Citrix Systems, Inc.*, Case No. 02-cv-60478-WJZ (S.D. Fla.), Docket No. 350 (Oct. 1, 2010 Order), *appeal dismissed*, 691 F.3d 1356 (Fed. Cir. 2012)) at 8-11 (awarding sanctions against Mr. Fink under 28 U.S.C. § 1927 and the court's inherent powers because his failure to correct the record was, at a bare minimum, reckless and because he "needlessly obstructed the litigation" through practices "tantamount to an elaborate game of Three-Card Monte").

In light of this pattern of conduct, the Court should be especially wary of Fuzzysharp's claims. The fact that Fuzzysharp cannot even articulate a factual basis for its claims suggests that it has no basis. The Court should deny Fuzzysharp the opportunity to use this litigation as a means of harassment and dismiss all inadequately pled claims.

### III. CONCLUSION

NVIDIA respectfully requests that the Court grant this motion in its entirety and dismiss Fuzzysharp's claims of indirect and willful infringement. Those claims should be dismissed with

prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) because Fuzzysharp will not be able to plead facts to support such claims. At the very least, each of these claims should be dismissed without prejudice because they do not provide NVIDIA with fair notice of the grounds for Fuzzysharp's claims. NVIDIA also respectfully requests that the Court dismiss Count Two in its entirety because it is directed towards a non-party to this action.

Dated: March 28, 2013            Orrick, Herrington & Sutcliffe LLP


                                 By:      */s/ I. Neel Chatterjee*
                                          I. NEEL CHATTERJEE
                                          Attorneys for Defendant
                                          NVIDIA CORPORATION

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

REPLY IN SUPPORT OF MOTION TO DISMISS
12-CV-6375-JST