UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUZZYSHARP TECHNOLOGIES INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>NVIDIA CORPORATION,<br><br>    Defendant. | Case No. 12-cv-06375-JST<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 18 |

In this action for patent infringement, Defendant NVIDIA moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Fuzzysharp's claims for indirect and willful infringement with respect to the '679 patent and all claims with respect to the '047 patent. For the reasons set forth below, the motion is GRANTED WITH LEAVE TO AMEND.

## I.  BACKGROUND

Fuzzysharp alleges that NVIDIA infringes two of its patents. Compl. ¶¶ 1-5. The patents-in-suit are U.S. Patent No. 6,172,679 ("the '679 patent") and U.S. Patent No. 6,618,047 ("the '047 patent"). *Id.* ¶¶ 7-11. Both patents are titled "Visibility Calculations for 3D Computer Graphics." *Id.*

The complaint contains two counts. In count one, Fuzzysharp alleges that NVIDIA engaged in "willful direct, and/or indirectly [sic] infringement of at least one claim of the '679 Patent pursuant to 35 U.S.C. § 271(a) at least by selling, and offering to sell Graphic Processors Units capable of performing occlusion culling during the computer graphics rendering process." *Id.* ¶ 13. Fuzzysharp further alleges that it provided "notice of patent infringement" to NVIDIA on November 16, 2009, and that NVIDIA has "willfully continued its patent infringement." *Id.* ¶ 14.

In count two, Fuzzysharp repeats the allegations in count one with two exceptions. First, the allegations in this count concern the "'0479 Patent." *Id.* ¶ 16. Second, the allegations concern the infringing conduct of "Defendant Intel." *Id.*

The Court has jurisdiction over this action under 28 U.S.C. § 1338(a).

## II. LEGAL STANDARD

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When dismissing a complaint, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## III. DISCUSSION

### A. Count One

NVIDIA moves to dismiss the claims for indirect and willful infringement in count one for failure to satisfy the pleading requirements of *Twombly* and *Iqbal*.

#### 1. Indirect infringement

A defendant is liable for indirect infringement if the defendant induces the infringement of a patent under 35 U.S.C. § 271(b) or contributes to the infringement of a patent under 35 U.S.C. § 271(c). A claim for indirect infringement must satisfy the pleading requirements of *Twombly* and *Iqbal*. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012).

In count one, Fuzzysharp alleges that NVIDIA engaged in "willful direct, and/or indirectly [sic] infringement of at least one claim of the '679 Patent pursuant to 35 U.S.C. § 271(a) at least

2

by selling, and offering to sell Graphic Processors Units capable of performing occlusion culling during the computer graphics rendering process." Compl. ¶ 13. These allegations fail to raise the reasonable inference that NVIDIA is liable for either inducement of infringement or contributory infringement with respect to the '679 patent. Accordingly, Fuzzysharp's claim for indirect infringement in count one is DISMISSED WITH LEAVE TO AMEND.

To state a claim for inducement of infringement, a plaintiff must allege sufficient facts to raise the reasonable inference that the defendant knowingly induced infringement and possessed specific intent to encourage another's infringement. *See In re Bill of Lading*, 681 F.3d at 1339 (citation omitted). Here, Fuzzysharp fails to state a claim for inducement of infringement with respect to the '679 patent because the allegations in the complaint do not raise the reasonable inference that anyone other than NVIDIA directly infringed the '679 patent or that NVIDIA knowingly encouraged the infringement of the '679 patent by a third party.

To state a claim for contributory infringement, a plaintiff must allege sufficient facts to raise the reasonable inference that the defendant sells or offers to sell a material or apparatus (1) for use in practicing a patented process, (2) that is material to practicing the invention, (3) that has no substantial non-infringing uses, and (4) is known by the party "to be especially made or especially adapted for use in an infringement of such patent." *Id.* at 1337. Here, Fuzzysharp fails to state a claim for contributory infringement with respect to the '679 patent because the allegations in the complaint do not raise the reasonable inference that the "Graphic Processor Units" that NVIDIA sells are designed to be used to in a way that practices the '679 patent or that they have no substantial non-infringing uses.

**2.    Willful infringement**

A claim for willful infringement also must satisfy *Twombly* and *Iqbal*'s pleading requirements. *See, e.g.*, *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. 11-cv-06638 RS, 2012 WL 1831543, at *4 (N.D. Cal. May 18, 2012) (applying *Iqbal* and *Twombly* to claims of willful infringement).

To state a claim for willful infringement, a plaintiff must plead sufficient facts to raise the reasonable inference that the defendant "was aware of the asserted patent, but nonetheless acted

3

despite an objectively high likelihood that its actions constituted infringement of a valid patent." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 861 (Fed. Cir. 2010) (citation omitted).

Here, Fuzzysharp fails to state a claim for willful infringement because his allegations fail to raise the reasonable inference that NVIDIA was aware of the asserted patent. In the complaint, Fuzzysharp alleges that it "previously sued NVIDIA on November 16, 2009, thereby providing good notice of patent infringement to NVIDIA and NVIDIA willfully continued its patent infringement." *Id.* ¶ 14. Because this allegation does not specify whether the lawsuit that Fuzzysharp filed previously against NVIDIA concerned the '679 patent, the allegation does not raise the reasonable inference that Fuzzysharp gave notice to NVIDIA of the '679 patent. Accordingly, Fuzzysharp's claim for willful infringement in count one is DISMISSED WITH LEAVE TO AMEND.

**B.     Count Two**

In count two, Fuzzysharp alleges that "Defendant Intel" infringed the "'0479 patent." Compl. ¶ 16.

Because the allegations in count two concern Intel, which is not a party to this action, and the "'0479 patent," which is not a patent-at-issue in this litigation, Fuzzysharp fails to state a claim for direct, indirect, and willful infringement. Accordingly, all claims in count two are DISMISSED WITH LEAVE TO AMEND.

### IV.     CONCLUSION

NVIDIA's motion to dismiss Fuzzysharp's claims of indirect and willful infringement in count one, as well as all of the claims in count two, is GRANTED WITH LEAVE TO AMEND. Fuzzysharp may amend its complaint to cure the deficiencies identified in this Order no later than May 15, 2013.

**IT IS SO ORDERED**.

Dated: April 17, 2013

JON S. TIGAR
United States District Judge