David Fink (pro hac vice)
7519 Apache Plume
Houston, TX 77071
Tel.: (713) 729-4991
Fax.: (713) 729-4951
texascowboy6@gmail.com

Duncan M. McNeill
1514 Van Dyke Avenue
San Francisco, CA 94124
Tel.: (650) 994-2295
Fax: (650) 994-2297
dmcneill1@netzero.com
Fed. Bar No. 136416

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FUZZYSHARP TECHNOLOGIES INCORPORATED,

Plaintiff,

vs.

NVIDIA CORPORATION,

Defendant.

Civil Action No. 3:12-CV-06375 JST

PLAINTIFF FUZZYSHARP TECHNOLOGIES CORPORATION'S OPPOSITION NVIDIA CORPORATION'S MOTION TO DISMISS FUZZYSHARP'S AMENDED COMPLAINT

Date: July 18, 2013
Time: 2:00 PM
Court: Courtroom 9, 19th Floor
Judge: Jon S. Tigar

Plaintiff FuzzySharp Technologies Incorporated ("FST") respectfully submits this Opposition to the Motion to Dismiss submitted by Nvidia Corporation "Nvidia".

**Legal arguments**

Nvidia fails to acknowledge the incredibly low requirements for a Complaint for patent infringement as stated explicitly by the CAFC. Instead, Nvidia prefers to rely on *Twombly* and its progeny despite the holding of an *en banc* decision by the CAFC:

*In re Bill of Lading Transmission & Processing Sys* stated:

> Accordingly, to the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleading requirements, the **Forms control**. (emphasis added)

The CAFC also points out that Form 18 of the Federal Rules of Civil Procedure requires a **minimum** number of allegations for direct infringement:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

Nvidia has not disputed that it sells products that carry out steps infringing both patents-in-suit.

The primary thrust of *Twombly* and its progeny is good notice. In addition to meeting the requirements of the CAFC at least for Count One of the Complaint, Nvidia has not disputed the contents of good notice of its infringement, despite a typing error. The error in Count Two is serious and acknowledged.

It is true that the prior attorneys for Fuzzysharp may have shown more professional cooperation with Nvidia while the appeal for the *3DLabs* case was pending; however, it is respectfully pointed out that the CAFC sent the *3DLabs* case back to the District Court, and thereby left the issue of validity for another day. Perhaps the first case against Nvidia should have been held in abeyance, rather than being forced into a Dismissal without prejudice.

Nvidia complains that there is no factual support for a claim of willful infringement and refers to *Twombly* and *Iqbal* as to the requirements of good notice.

Nvidia has clarified this issue by admitting that at page 3 of its Brief that FuzzySharp previously sued on the same patents. Thus, Nvidia has admitted that it had notice of the asserted infringement and has continued its infringing activities.

## CONCLUSION

It is respectfully submitted that at least Count One should be left intact and the Motion should address only Count Two.

THE PLAINTIFF
FUZZYSHARP TECHNOLOGIES
INCORPORATED

Date: June 14, 2013

By: /S/ David Fink
David Fink
Attorney for Plaintiff