I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
VICKIE L. FEEMAN (STATE BAR NO. 177487)
vfeeman@orrick.com
JESSE CHENG (STATE BAR NO. 259909)
jcheng@orrick.com
JAMES FREEDMAN (STATE BAR NO. 287177)
jfreedman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone:   +1-650-614-7400
Facsimile:    +1-650-614-7401

Attorneys for Defendant
NVIDIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FUZZYSHARP TECHNOLOGIES, INC, <br><br> Plaintiff, <br><br> v. <br><br> NVIDIA CORPORATION, <br><br> Defendant. | Case No. 12-cv-6375-JST <br><br> **DEFENDANT NVIDIA CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF FUZZYSHARP'S AMENDED COMPLAINT** <br><br> Date:   July 18, 2013 <br> Time:   2:00 p.m. <br> Dept:   Courtroom 9, 19th Floor <br> Judge:   Jon S. Tigar |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

REPLY IN SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT
12-CV-6375-JST

Fuzzysharp's Amended Complaint should be dismissed with prejudice because it fails as a matter of law. The Court already gave Fuzzysharp a chance to amend its complaint when it granted NVIDIA's first Motion to Dismiss. Docket No. 28 (April 17, 2013 Order Granting Motion to Dismiss) ("Dismissal Order"). However, aside from dropping claims for indirect infringement, Fuzzysharp ignored the Court's guidance and filed an Amended Complaint that contains the same deficiencies that led to the first dismissal. Now faced with a second Motion to Dismiss, Fuzzysharp has responded with an opposition brief that does not adequately address any of the grounds for dismissal raised by NVIDIA. *See* Docket No. 31 (Motion).

### (1) Claims of Ongoing Infringement of Expired Patents Must Be Dismissed.

Fuzzysharp alleged only ongoing infringement of two patents that expired nearly six months before this lawsuit was filed. Docket No. 31 (Motion) at 6-7. This is impossible as a matter of law. Fuzzysharp's only response to this shortcoming is a misplaced reliance on Form 18 of the Federal Rules of Civil Procedure. Docket No. 36 (Opp.) at 2. Contrary to Fuzzysharp's argument, Form 18 does not allow Fuzzysharp to plead continuing infringement of patents that expired before the complaint was filed. Fuzzysharp's Amended Complaint must be dismissed.

### (2) Claims Against A Non-Party Must Be Dismissed.

Fuzzysharp concedes that Count Two still fails to state a claim for relief because it accuses only "Defendant Intel," a non-party to this action, of infringing an otherwise unidentified "'0479" patent. Fuzzysharp's repeated filing of this allegation despite this Court's prior dismissal on the same grounds was, in its own words, "serious and acknowledged." Docket No. 36 (Opp.) at 2; Dismissal Order at 4; Docket No. 29 (FAC) at ¶ 19. For repeating the same flawed pleading that resulted in the first dismissal, Count Two must now be dismissed with prejudice. *See Erwin v. Grounds*, No. 12-00031-JST, 2013 WL 2422743, at *4 (N.D. Cal. June 3, 2013) ("Further leave to amend will not be granted because plaintiff has already been granted leave to amend but has been unable to set forth cognizable claims for relief."); *Edwards v. Fed. Home Loan Mortgage Corp.*, No. 12-CV-04868-JST, 2013 WL 2355445, at *4 (N.D. Cal. May 29, 2013) (dismissing claims in a First Amended Complaint that did not address previously identified deficiencies).

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

REPLY IN SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT
12-cv-6375-JST

### (3) Claims of Willful Infringement Must Be Dismissed.

Fuzzysharp has never alleged that NVIDIA acted despite a high likelihood of infringing a known and valid patent, as required for a finding of willful infringement, because such an allegation is not supported by the facts surrounding this case. *See* Docket No. 31 (Motion) at 8-9; Dismissal Order at 3-4. The litigation history of the asserted patents – including Judge Armstrong's Order granting summary judgment of invalidity and Fuzzysharp's voluntary dismissal of its prior suit against NVIDIA – supports a reasonable belief that the asserted patents were invalid. Docket No. 31 (Motion) at 9. Moreover, Fuzzysharp once again failed to properly identify its prior lawsuit against NVIDIA and its Amended Complaint remains facially deficient for this reason as well. *Id* at 8. These claims must be dismissed. *See* Dismissal Order at 3 (citing *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638-RS, 2012 WL 1831543, at *4 (N.D. Cal. May 18, 2012)); *Erwin v. Grounds*, 2013 WL 2422743, at *4.

To survive a motion to dismiss, a plaintiff must plead facts that adequately support its claims. *See* Dismissal Order at 2. Rule 11 further requires a reasonable inquiry to ensure that factual allegations have evidentiary support and claims are warranted by existing law. Fed. R. Civ. P. 11. Fuzzysharp has failed, for at least a second time, to meet these basic requirements. Instead, it has continued to demonstrate an inability to plead facts sufficient to state a viable claim. Fuzzysharp's Amended Complaint should be dismissed with prejudice.

Dated: June 21, 2013                                                           Orrick, Herrington & Sutcliffe LLP

By:     */s/ Vickie L. Feeman*
        VICKIE L. FEEMAN
        Attorneys for Defendant
        NVIDIA CORPORATION

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

REPLY IN SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT
12-cv-6375-JST