1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7   FUZZYSHARP TECHNOLOGIES            Case No.  12-cv-06375-JST
    INCORPORATED,

8              Plaintiff,

9        v.                           **ORDER GRANTING IN PART AND
                                      DENYING IN PART MOTION TO
10  NVIDIA CORPORATION,               DISMISS**

11             Defendant.             ECF No. 31

12

13        In this action for patent infringement, Defendant NVIDIA moves under Federal Rule of

14  Civil Procedure 12(b)(6) to dismiss FuzzySharp's claims for willful infringement of two patents.

15  For the reasons set forth below, the motion is GRANTED IN PART AND DENIED IN PART.

16                        **I.       BACKGROUND**

17  **A.     The Parties and Claims**[1]

18        FuzzySharp alleges that NVIDIA infringes two of its patents.  First Am. Compl. ("FAC") ¶

19  1.  The patents-in-suit are U.S. Patent No. 6,172,679 ("the '679 patent") and U.S. Patent No.

20  6,618,047 ("the '047 patent"), both of which are titled "Visibility Calculations for 3D Computer

21  Graphics."  Id. ¶ 6.

22        FuzzySharp asserts two claims in the FAC.  In "Count One," FuzzySharp alleges that

23  NVIDIA engaged in "willful infringement of at least claim 1 of the '679 Patent pursuant to 35

24  U.S.C. § 271(a) by selling, and offering to sell Graphic Processors Units capable of performing

25

26  ─────────────────────
    [1] The Court accepts the following allegations as true for the purpose of resolving this motion.
27  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996) ("All allegations of material
    fact are taken as true and construed in the light most favorable to the nonmoving party.") (citation
28  omitted).

United States District Court
Northern District of California

occlusion culling and the like during the computer graphics rendering process." Id. ¶ 17. FuzzySharp further alleges that it "provid[ed] NVIDIA with good notice that it was and is engaged in patent infringement on the patents-in-suit" when it "sued NVIDIA on the same patents-in-suit" in this district on September 10, 2010. Id. ¶ 15.

In Count Two, FuzzySharp incorporates by reference the allegations supporting Count One. This claim is identical in all respects to the first claim with two exceptions. Id. ¶¶ 18-19. First, the allegations in this count concern the "'0479 Patent." Id. ¶ 19. Second, the allegations concern the infringing conduct of "Defendant Intel." Id.

**B.      Procedural History**

On April 17, 2013, the Court dismissed each of the claims in the original complaint with leave to amend. ECF No. 28. With respect to Count One, the Court concluded that FuzzySharp's allegations were insufficient to state a claim for either indirect infringement or willful infringement. Id. at 2-4. Specifically, the Court held that FuzzySharp's allegations pertaining to willfulness were deficient because FuzzySharp did not specify whether a lawsuit it previously filed against NVIDIA concerned either of the patents at issue. Id. at 4.

With respect to Count Two, the Court concluded that FuzzySharp's claims for direct, indirect, and willful infringement were subject to dismissal because they concerned Intel, which is not a party to this action, and the "'0479 patent," which is not a patent-in-suit. Id.

**C.      Jurisdiction**

The Court has jurisdiction over this action under 28 U.S.C. § 1338(a).

**II.      LEGAL STANDARD**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

United States District Court
Northern District of California

2

misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>  When dismissing a complaint, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. <u>Lucas v. Dep't of Corrections</u>, 66 F.3d 245, 248 (9th Cir. 1995).  The district court, however, has "broad" discretion to deny leave to amend "where plaintiff has previously amended the complaint." <u>Ascon Properties, Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989).

### III.    DISCUSSION

**A.    Claim for Willful Infringement of the '679 Patent**

NVIDIA moves to dismiss count one of the complaint, which is for willful infringement of the '679 patent, on the grounds that FuzzySharp alleges "ongoing infringement of expired patents" and that FuzzySharp has not pleaded facts supporting a claim for willful infringement.  Mot. at 2-3.

FuzzySharp opposes the motion, arguing that claims for willful infringement are governed by Form 18 of the Federal Rules of Civil Procedure and not by the pleading standards of <u>Twombly</u> and <u>Iqbal</u>.  With respect to NVIDIA's contention that the complaint lacks sufficient allegations to support a claim for willful infringement, FuzzySharp argues that "NVIDIA has clarified" the issue of willful infringement "by admitting that [sic] at page 3 of its Brief that FuzzySharp previously sued on the same patents."  Opp'n at 3.

**1.    Claims for Willful Infringement Are Not Governed by Form 18**

The first issue the Court must address is whether claims for willful infringement are governed by the pleading standards of <u>Iqbal</u> and <u>Twombly</u>, as NVIDIA argues, or by the standard in Form 18, as FuzzySharp contends.

The Court concludes that claims for willful infringement are governed by the standards in <u>Iqbal</u> and <u>Twombly</u> and not by the standard in Form 18.  While the Federal Circuit recently held that the sufficiency of a claim for "direct infringement is to be measured by the specificity required by Form 18," this holding is limited to claims for which there are sample pleadings in the

United States District Court
Northern District of California

3

1   Appendix of Forms.  In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d

2   1323, 1336 (Fed. Cir. 2012) ("The Forms are controlling only for causes of action for which there

3   are sample pleadings.").  Because there is no sample pleading in the Appendix of Forms for claims

4   for willful infringement, a claim for willful infringement is not governed by any of the Forms,

5   including Form 18.  That claim is governed instead by the pleading requirements promulgated by

6   the Supreme Court.  See id. at 1337.  Indeed, courts in this district routinely analyze claims for

7   willful infringement under the pleading standards in Iqbal and Twombly notwithstanding the

8   Federal Circuit's holding in In re Bill of Lading.  See, e.g., Emblaze Ltd. v. Apple Inc., Case No.

9   11-cv-01079 SBA, 2012 WL 5940782, at *7 (N.D. Cal. Nov. 27, 2012).

**2.    FuzzySharp States a Claim for Willful Infringement**

11          The Court now turns to the question of whether FuzzySharp's allegations are sufficient to

12  withstand NVIDIA's motion.

13          The bar set by the Federal Circuit for stating a claim for willful infringement is not high.

14  Indeed, the Federal Circuit has held that a plaintiff "more than sufficient[ly]" states a claim for

15  willful infringement when he alleges (1) infringement of the patent-in-suit; and (2) pre-filing

16  "knowledge" of the patent-in-suit by the defendant.  See Mitutoyo Corp. v. Cent. Purchasing,

17  LLC, 499 F.3d 1284, 1290 (Fed. Cir. 2007); see also In re Seagate Technology, LLC, 497 F.3d

18  1360, 1374 (Fed. Cir. 2007) (holding that "a willfulness claim asserted in the original complaint

19  must necessarily be grounded exclusively in the accused infringer's pre-filing conduct").  The

20  "knowledge" element can be satisfied by averring facts showing that the defendant knew of the

21  existence of the patent-in-suit prior to the filing of the complaint.  Id. (holding that factual details

22  showing knowledge of prior litigation involving the patent-in-suit "establish[]" knowledge of the

23  patent).

24          Here, FuzzySharp alleges that NVIDIA "is engaged in willful infringement" of the '679

25  patent by selling products capable of performing the methods claimed in that patent.  FAC ¶ 17.

26  FuzzySharp also alleges that it "sued NVIDIA on September 10, 2010, on the same patents-in-suit

27  in this Judicial District, thereby providing NVIDIA with good notice that it was and is engaged in

28

4

patent infringement of the patents-in-suit." Id. ¶ 15. On their face, these allegations satisfy both of the requisite elements for stating a claim for willful infringement.

Nevertheless, NVIDIA argues that this claim is subject to dismissal under Rule 12(b)(6) for three reasons.

First, NVIDIA argues that the claim should be dismissed because FuzzySharp's allegation that it sued NVIDIA in this district on September 10, 2010, is "inaccurate," as "no such lawsuit" was filed in this district on that date. Mot. at 8. The Court concludes that the claim cannot be dismissed on this basis, because the determination of the date on which NVIDIA became aware of the '679 patent requires a factual inquiry that is beyond the scope of a motion to dismiss. Notably, NVIDIA does not dispute that it had knowledge of the '679 patent or that FuzzySharp sued NVIDIA for patent infringement of the '679 patent in this district prior to the filing of this action.

Second, NVIDIA argues that FuzzySharp has not and cannot plead facts showing that NVIDIA "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" because a judge in another case "held some of the asserted claims invalid less than one month after FuzzySharp first sued NVIDIA." ECF No. 131 at 3, 9. This argument also is insufficient to dismiss the claim, as allegations pertaining to an "objectively high likelihood" of infringement are not required to survive a motion to dismiss. As discussed above, the only two elements required to state a claim for willful infringement are infringement and knowledge of the asserted patents. The "objectively high likelihood" of infringement requirement comes into play later in the litigation. Indeed, to prevail on a claim for willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc., 682 F.3d 1003, 1005 (Fed. Cir. 2012) (citation and internal quotation marks omitted) (emphasis added). In determining a 12(b)(6) motion to dismiss, the Court does not consider evidence pertaining to the defendant's objective knowledge of its infringement, because such evidence must be analyzed in conjunction with the defenses available to the defendant, which are not at issue in a 12(b)(6) motion. See id. at 106 (holding that the determination of whether the

1   defendant acted despite an objectively high likelihood of infringement "entails an objective

2   assessment of potential defenses based on the risk presented by the patent").

3          Finally, NVIDIA argues that this claim must be dismissed as a matter of law because

4   FuzzySharp alleges "only ongoing infringement of patents that expired nearly six months before

5   the lawsuit was filed."  Mot. at 7.

6          The Court concludes that the pre-suit expiration of a patent is not dispositive of a claim for

7   willful infringement.  Indeed, "an expired patent may form the basis of an action for past damages

8   subject to the six-year limitation under 35 U.S.C. § 286."  Genetics Inst., LLC v. Novartis

9   Vaccines & Diagnostics, Inc., 655 F.3d 1291, 1299 (Fed. Cir. 2011) (citation omitted).  Here,

10  NVIDIA has not shown that this action was filed more than six years after the patents-in-suit

11  expired.  Additionally, the question of whether the alleged infringement occurred "during the term

12  of the patent" as required by 35 U.S.C. § 271 is a question of fact that cannot be resolved on a

13  motion to dismiss.

14         Accordingly, NVIDIA's motion to dismiss this claim is DENIED.

15  **B.      Claim for Willful Infringement of the '047 Patent**

16         NVIDIA moves to dismiss count two of the complaint, which is for willful infringement of

17  the '047 patent, on the ground that this claim alleges the infringement of an "unidentified '0479

18  patent by Defendant Intel," which is not a party to this action.  Mot. at 3 (internal quotation marks

19  omitted).  NVIDIA argues that because these deficiencies were identified in the Court's order of

20  April 17, 2013, FuzzySharp should not be afforded yet another opportunity to amend the claim.

21  Id. at 3.

22         FuzzySharp's only response is that "[t]he error in Count Two is serious and

23  acknowledged."  Opp'n at 2.

24         The Court concludes that the dismissal with prejudice of this claim is warranted given that

25  the Court previously granted FuzzySharp leave to amend the complaint to correct the allegations

26  pertaining to the "'0479 patent" and "Defendant Intel," neither of which is involved in this action.

27  See Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (holding that the

28

United States District Court
Northern District of California

district court has "broad" discretion to deny leave to amend "where plaintiff has previously amended the complaint").

Accordingly, NVIDIA's motion is GRANTED with respect to this claim.

### IV.    CONCLUSION

NVIDIA's motion to dismiss is GRANTED IN PART and DENIED IN PART.  NVIDIA's motion to dismiss FuzzySharp's willful infringement claim as to the '679 patent is DENIED, and it is GRANTED with respect to FuzzySharp's willful infringement claim as to the '047 patent. The latter claim is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated: September 4, 2013

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California